06-0078-cv
O'Mara v. Town of Wappinger

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Argued: January 22, 2007                    Decided: March 5, 2008)

Docket No. 06-0078-cv(L), 06-1323-cv(CON)
_____

DONALD J. O'MARA III, PATRICK L. O'MARA SR., and ABSOLUTE PROPERTY MANAGEMENT, INC.,

*Plaintiffs-Counter-Defendants-Appellees,*

—v.—

TOWN OF WAPPINGER,

*Defendant-Counter-Claimant-Appellant.*

_____

B e f o r e : SOTOMAYOR, KATZMANN, *Circuit Judges* and CEDARBAUM, *District Judge.*[*]

_____

        In a previous opinion, we certified to the New York Court of Appeals the following dispositive question:  "Is an open space restriction imposed by a subdivision plat under New York Town Law § 276 enforceable against a subsequent purchaser, and under what circumstances?"  *O'Mara v. Town of Wappinger*, 485 F.3d 693, 699 (2d Cir. 2007).  The New York Court of Appeals found "[a]n open space restriction placed on a final plat pursuant to Town

_____

[*] The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

Law § 276, when filed in the Office of the County Clerk pursuant to Real Property Law § 334, is enforceable against a subsequent purchaser." *O'Mara v. Town of Wappinger*, 9 N.Y.3d 303, 309 (2007). Accordingly, we REVERSE the district court's judgment concerning the enforceability of the open space restriction and REMAND to the district court.

––––––––––––––

| | |
|---|---|
| For Plaintiffs-Counter-<br>Defendants-Appellees: | KENNETH C. BROWN ( James W. Gatthaar and Susan E. Galvao, *of counsel*) Bleakley Platt & Schmidt, LLP, White Plains, NY. |
| | Maurice J. Salem, Esq., Patterson, N.Y. |
| For Defendant-<br>Counter-Claimant-Appellant: | GARY STEIN (Frank LaSalle and Dacia Cocariu *of counsel*), Schulte Roth & Zabel LLP, New York, N.Y. |
| | Emanuel F. Saris, Vergilis, Stenger, Roberts, Pergament & Viglotti, LLP, Wappinger Falls, N.Y. |
| | Michael E. Kenneally, Jr., Albany, N.Y. for The Association of Towns of the State of New York as *amicus curiae* in support of defendant-counter-claimant-appellant Town of Wappinger. |

––––––––––––––

PER CURIAM:

The Town of Wappinger appeals from a declaratory judgment issued by the United States District Court for the Southern District of New York (McMahon, *J.*) determining that the open space restriction imposed by the Town of Wappinger Planning Board is unenforceable. We assume familiarity with the underlying facts and procedural history, which are set forth in *O'Mara v. Town of Wappinger* (O'Mara I), 485 F.3d 693 (2d Cir. 2007). In *O'Mara I*, we certified the following question to the New York Court of Appeals: "Is an open space restriction imposed by a subdivision plat under New York Town Law § 276 enforceable against a subsequent purchaser, and under what

circumstances?" *Id.* at 699.[1] The New York Court of Appeals accepted certification, *O'Mara v. Town of Wappinger*, 8 N.Y.3d 957 (2007), and answered the question in the affirmative, *O'Mara v. Town of Wappinger*, 9 N.Y.3d 303 (2007). "An open space restriction placed on a final plat pursuant to Town Law § 276, when filed in the Office of the County Clerk pursuant to Real Property Law § 334, is enforceable against a subsequent purchaser." *Id.* at 309.

The New York Court of Appeals's decision requires us to reverse the district court's judgment holding the restriction unenforceable. Because "it is clear that the process of approving and filing the 1963 Plat complied with [New York Town Law § 276 and Real Property Law § 334]," *O'Mara I*, 485 F.3d at 699, the open space restriction is enforceable against subsequent purchasers, including Donald O'Mara, Patrick O'Mara and Absolute Property Management.

For the foregoing reasons, the judgment of the district court concerning the enforceability of the open space restriction is hereby REVERSED, and the action is REMANDED for further proceedings consistent with this ruling. Each party shall bear its own costs on this appeal.

---

[1] The district court also held the Town of Wappinger liable under 42 U.S.C. § 1983 for actions taken to enforce the open space restriction. In *O'Mara I*, we reversed the district court's ruling concerning § 1983. *O'Mara I*, 485 F.3d at 699-700.