**Donald J. O'MARA, III, Plaintiff–Counter–Defendant–Appellant,**

**Patrick L. O'Mara, Sr. and Absolute Property Management, Inc., Plaintiff–Counter–Defendants,**

v.

**TOWN OF WAPPINGERS, Defendant–Counter–Claimant–Appellee.**

No. 09–0421–cv.

United States Court of Appeals, Second Circuit.

June 19, 2009.

Patrick L. O'Mara, Sr., pro se, (Maurice J. Salem, Palos Heights, Ill., on the brief), for Plaintiff–Counter–Defendant–Appellant.

James P. Horan, Vergilis, Stenger, Roberts & David, LLP, Wappingers Falls, NY, for Defendant–Counter–Claimant–Appellee.

Present GUIDO CALABRESI, ROBERT D. SACK, Circuit Judges and EDWARD R. KORMAN, District Judge.[1]

### SUMMARY ORDER

Plaintiff–Counter–Defendant–Appellant Donald O'Mara appeals from the opinion and order of the U.S. District Court for the Southern District of New York (McMahon, *J.*) requiring him to remove a home built on a parcel of land subject to an "open space" restriction. *O'Mara v. Town of Wappingers,* No. 03 Civ. 9814, 2009 WL 73116, 2009 U.S Dist. LEXIS 3775 (S.D.N.Y. Jan. 6, 2009). We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

The "open space" restriction on the parcels in question was memorialized in a Plat filed with the Dutchess County Clerk's Office in 1963. O'Mara bought the land in October 2000, some thirty-seven years later, with no knowledge of the restriction.

---

1. The Honorable Edward R. Korman, Senior Judge, United States District Court for the Eastern District of New York, sitting by designation.

In 2002, he began the process of building a home for him and his family on one of the parcels. Prior to building the house, O'Mara hired a licensed land surveyor who saw the "open space" restriction but did not report it to the O'Maras or the Town. The Town, whose responsible officials had by then apparently forgotten about the "open space" restriction, then issued O'Mara a building permit to construct the house.

In July 2003, the son of one of the developers involved in the original institution of the "open space" restriction approached a Town Councilman to express concern that O'Mara's construction of the house violated the 1963 Plat. Several months later, in November 2003, the Town issued a stop work order after having been presented with the Plat marking the "open space" restriction.

In December 2003, the Town nonetheless offered to grant a certificate of occupancy for the home, provided the other parcels were dedicated to the Town. O'Mara refused and filed suit instead. *See O'Mara v. Town of Wappinger*, 485 F.3d 693, 695–97 (2d Cir.2007).

Following the New York Court of Appeals' response to our certified question, we concluded that the "open space" restriction is enforceable against O'Mara. *O'Mara v. Town of Wappinger*, 518 F.3d 151, 152 (2d Cir.2008) (per curiam). On remand, the Town made a motion in the district court for an order that the house be removed from the parcel. The district court, having found that the Town could enforce the restriction by forcing the house to be removed, entered the order.

We have considered all of O'Mara's arguments on appeal and affirm the judgment of the district court for substantially the reasons stated in its opinion and order. O'Mara's claim that the restriction cannot be enforced against him retroactively is barred on the basis of our previous ruling in this matter, which in turn relied on the decision of the New York Court of Appeals. Because he was on constructive notice of the restriction, moreover, equitable estoppel would not be appropriate in the circumstances of this case.

We note nonetheless that the Town conceded at argument the unfairness to which Mr. O'Mara has been subjected, especially in light of the fact the Town was willing at one point to permit the house to remain on the property even after the restriction came to light. And some form of rectification would not seem inappropriate. In view of the the prior decisions of the New York Court of Appeals, this Court, and the district court, however, any such rectification would have to come from further action by the Town itself.

We emphatically deny the Town of Wappingers' motion for sanctions in connection with this appeal.

We have considered all of the parties' claims, and we find them to be unavailing. Accordingly, we AFFIRM the judgment of the District Court and DENY the Appellee Town's motion for sanctions.